## Commonwealth, Appellant, *v.* Scott.

*Indictment—Sufficiency—Motion to quash—Fees of tax collector—Extortion—Acts of April 8, 1872, P. L. 994, and March 31, 1860, P. L. 382.*

On a motion to quash an indictment, based on the insufficiency thereof, it is error for the court to go outside the indictment and consider extrinsic matters proper only for defense on trial by jury.

Under section 3 of the Act of April 8, 1872, P. L. 994, which regulates the collection of taxes in Cambria County, the collector is en-

titled, upon payment by the delinquent after levy of distress but before sale, to a compensation of 5 per centum for his services, and a charge of a fee not expressly provided by the act subjects him to indictment under Section 12 of the Act of March 31, 1860, P. L. 382, for extortion in taking illegal fees.

Argued March 8, 1926. Appeal No. 117, April T., 1926, by Commonwealth, from judgment of Q. S. Cambria County, June Sessions, 1925, No. 309, in the case of Commonwealth v. E. Scott. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, JJ. Reversed.

Indictment of tax collector for extortion in taking illegal fees. Before REED, P. J. O. C. specially presiding.

The facts are stated in the opinion of the Superior Court.

The court quashed the indictment. Commonwealth appealed.

*Error assigned* was the order of the court.

*D. P. Weimer,* for appellant.

*P. J. Little,* for appellee.

OPINION BY KELLER, J., April 19, 1926:

The motion to quash which was filed in this case has been mislaid and is not sent up with the record. It was admittedly based on the insufficiency of the indictment. Such being the case it was error for the court to go outside the indictment and consider extrinsic matters proper only for defense on trial by jury: Com. v. Church, 1 Pa. 105.

We have, however, considered the substance of the indictment and are of opinion that it sufficiently charges the offense of extortion in taking illegal fees, (Act of March 31, 1860, P. L. 382, sec. 12); and this

irrespective of the construction placed upon the word, "now," hereinafter referred to, in the third section of the Act of April 8, 1872, P. L. 994, regulating the collection of taxes in the County of Cambria.

Said section after providing for the issuance by the county treasurer of a warrant to the constable or a collector for the collection of delinquent taxes, together with a penalty of five per centum, proceeds: "and the said warrants shall further authorize and require such constable or collector, in case any person named in the schedule annexed shall fail to pay the amount with which such person is therein charged, after demand therefor made by such constable or collector, to levy the same by distress and sale of goods and chattels of such delinquent, giving ten days' public notice of such sale by three written or printed advertisements; and in such case the constable or collector shall be entitled to retain out of the proceeds of such sale, after first deducting the taxes, the same fees as are *now* [italics ours] allowed to constables by law for a levy and sale upon a writ of execution: Provided, Where the said taxes are paid on demand, or within ten days thereafter, the constable or collector shall be entitled to receive a compensation of five per centum for his services."

As the indictment charged the defendant, a deputy tax collector, with having extorted a fee of one dollar and fifty cents "for receiving and paying over money paid after levy without sale," we need not, at this time, consider what fees are allowed, under the act, to the constable or collector who collects taxes by *levy and sale;* whether they are measured by the constable's fee bill in force in 1872 or now.

We are satisfied that the clause allowing the collector, in case of a collection by distress and sale, the same fees as are allowed to constables by law for a levy and sale upon a writ of execution, is modified by the words, *"out of the proceeds of such sale"*; showing

that such fees were only allowed him in case of a distress and sale; that it did not provide for the collection from the taxable of the fee allowed a constable for a levy alone, under a writ of execution, where the collector distrained but was paid the tax before sale. On the contrary, the collector's fees are fixed otherwise in the Act. If the tax due is not paid on demand, he is required by his warrant to levy by a distress upon the goods and chattels of the delinquent taxable and to sell them for the tax, after giving ten days' public notice. If the goods are sold, out of the proceeds of such sale he first deducts the tax and then retains the same fees as are allowed by law to constables for a levy and sale upon a writ of execution; but if the taxes are paid on demand, or during the ten days intervening before sale, the collector is only entitled to receive a compensation of five per centum for his services. He is entitled to no fees beyond what are expressly provided by statute. He must take the lean with the fat.

The judgment of the Court of Quarter Sessions quashing the bill of indictment is reversed, and the record is remitted for further proceedings according to law.

Similar orders were made in appeals No. 118 and 119, April Term, 1926.